UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MOSHE BERLIN,

                Plaintiff,               **REPORT & RECOMMENDATION**
     -against-                                  18 CV 1545 (MKB)(LB)

JETBLUE AIRWAYS CORPORATION,
MARY DALY, KEVIN FLANAGAN,
PHILEMON EUBANKS, and
JOHN/JANE DOES,

                Defendants.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff, Moshe Berlin, seeks leave to amend his complaint to revive claims that were previously dismissed. See ECF Nos. 56, 63; 4/27/2018 Electronic Order. Defendants oppose plaintiff's proposed amendment. ECF Nos. 58, 64. The Honorable Margo K. Brodie referred plaintiff's request for a pre-motion conference and any resulting motion for a Report and Recommendation to me. 5/14/2019 Electronic Order. Pursuant to 28 U.S.C. § 636(b), it is respectfully recommended that plaintiff's pre-motion request and plaintiff's request for leave to amend should be denied for the reasons set forth below.

BACKGROUND

        Plaintiff originally commenced this action *pro se* on March 13, 2018, against JetBlue Airways Corporation ("JetBlue"), and flight attendants Mary Daly, Philemon Eubanks, and Kevin Flanagan, as well as "JOHN/JANE DOES." Complaint ("Compl."), ECF No. 1. Plaintiff alleged various federal and state law claims in connection with an incident that occurred aboard a JetBlue flight from Mexico City to Orlando, Florida, on March 22, 2016. Compl. ¶¶ 26-27. The gravamen of plaintiff's original *pro se* complaint is that plaintiff was dehydrated during the flight, he requested ice by asking for "Ices," and that JetBlue flight attendants falsely accused

1

plaintiff of saying "ISIS" and assaulted him. After the flight landed in Orlando, plaintiff was arrested; plaintiff was then indicted in the Middle District of Florida for interfering with a flight crew member under 49 U.S.C. § 46504. See Compl. ¶¶ 157, 177 (citing "Criminal Case 6:16-cr-67-Orl-18GJK").[1] Further, plaintiff alleges that he was discriminated against based on his disability,[2] national origin,[3] and "English Language Imperfection."[4] Compl. ¶ 6.

Most of plaintiff's claims in his original complaint were dismissed by Judge Brodie at a pre-motion conference on April 27, 2018. See 4/27/2018 Electronic Order. Defendants' counsel appeared, but plaintiff failed to appear despite being informed about the conference. 4/27/2018 Electronic Order. At the conference, Judge Brodie dismissed plaintiff's first (negligent training), third (assault and battery), fourth (excessive force), fifth (§ 1983), sixth (disability discrimination), seventh (intentional infliction of emotional distress), eighth (abuse of process), ninth (malicious prosecution), and tenth (false arrest) causes of action. Id. Liberally construing the *pro se* complaint, the Court did not dismiss plaintiff's second, eleventh, and twelfth causes of action, thus allowing the case to proceed on the claim of a bodily injury under the Montreal/Warsaw Conventions. See Id. ("The Court understood…that plaintiff's eleventh

---

[1] Plaintiff was ultimately found not guilty by reason of insanity. See Proposed Amended Complaint ("PAC") ¶ 98, ECF No. 63-1. See also USA v. Berlin, U.S. District Court for the Middle District of Florida (Orlando), Docket No. 6:16-cr-00067-GKS-GJK-1, available at https://www.pacer.gov/ (hereinafter "Dkt. No. 6:16-cr-00067").

In deciding this motion, the Court may consider records incorporated by reference and of which judicial notice may be taken. See e.g., E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc., 307 F. Supp. 3d 52, 57–58 (E.D.N.Y. 2018); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). Both plaintiff's original complaint and PAC refer to plaintiff's criminal case and the case number for the criminal proceeding, No. 16-cr-67. Compl. ¶¶ 157, 177; PAC ¶ 96. Docket sheets are public records of which a court may take judicial notice. Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006). The Court takes judicial notice of documents filed in the Middle District of Florida not for the truth of the matters asserted, but "to establish the fact of such litigation and related filings." See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992).

[2] Plaintiff suffers from bi-polar disorder. Compl. ¶¶ 21, 122.

[3] Plaintiff, a resident of Kings County, is a dual citizen of both the United States and Israel. Compl. ¶¶ 10, 22.

[4] Plaintiff alleges that English is not his first language, and he "is accustomed to the common practice of combining speech with the two languages 'Yiddish' and 'English' at the same time." Compl. ¶¶ 25, 34.

(psychological injuries) and twelfth (vicarious liability) causes of action to be relating to damages rather than being independent causes of action.").

Shortly after Judge Brodie issued her decision, on April 30, 2018, attorney Chauncey D. Henry filed a notice of appearance on plaintiff's behalf. ECF No. 18. On June 12, 2018, I held an initial conference and issued a scheduling order, setting deadlines for, *inter alia*, any amendment of the pleadings and the completion of fact discovery. 6/12/2018 Electronic Order. The parties were ordered to file any request to amend the pleadings or to join other parties by June 26, 2018. Id. (citing Fed. R. Civ. P. 16(b)(3)(A)). No request to amend nor for an extension of time was filed by that date. The parties were then granted multiple extensions and stays of the original October 22, 2018, fact discovery deadline. See Electronic Orders dated 10/16/2018, 11/13/2018, 12/11/2018, 3/7/2019, 4/2/2019. Ultimately, the Court ordered that discovery shall be bifurcated in this action, 3/7/2019 Electronic Order, and the parties were ordered to complete fact discovery by May 1, 2019, 4/2/2019 Electronic Order.

After the close of fact discovery, on May 7, 2019, plaintiff filed a request for a pre-motion conference in anticipation of moving to amend the complaint, ECF No. 56, which defendants opposed, ECF No. 58. As plaintiff had not submitted a proposed amended complaint, I denied the pre-motion conference request without prejudice and directed plaintiff to file any renewed request, with a proposed amended complaint attached, by May 31, 2019. 5/15/2019 Electronic Order. On May 31, 2019, plaintiff filed a renewed motion and attached the Proposed Amended Complaint. Proposed Amended Complaint ("PAC"), ECF No. 63-1. In light of plaintiff's renewed motion, defendants requested an extension of the summary judgment pre-motion conference deadline, which was granted. 6/3/2019 Electronic Order.

Plaintiff's PAC is brought against JetBlue Airways Corporation, Mary Daly, Kevin Flanagan, and Philemon Eubanks, and does not add any new parties. See PAC ¶¶ 4-11. However, plaintiff's PAC seeks to revive causes of action that were all previously dismissed by Judge Brodie.[5]  In addition to providing additional facts concerning the surviving Montreal/Warsaw Conventions bodily injury claim, plaintiff seeks to resurrect the following causes of action that were already dismissed: 1) 42 U.S.C. § 1983 (Count I), PAC ¶¶ 106-120; 2) negligent training in violation of 14 C.F.R. § 382.141 (Count III), PAC ¶¶ 125-134; 3) battery (Count IV), PAC ¶¶ 135-140; 4) intentional infliction of emotional distress (Count V), PAC ¶¶ 141-145; and 5) false imprisonment (Count VI), PAC ¶¶ 146-149, and false arrest (Count VII), PAC ¶¶ 150-155.

In his first pre-motion conference request, plaintiff asserts that the proposed amended complaint "clarifies and organizes the factual allegations and claims asserted in the original complaint," provides "additional context" obtained through discovery, and "will add further clarity of the events that transpired on the day in question." ECF No. 56 at 3. Plaintiff's counsel acknowledges that "[p]laintiff moves to amend his Complaint six (6) days after the close of fact discovery and approximately one year and two months after commencement of this action." ECF No. 56 at 3. In his second pre-motion conference request, plaintiff explains that "[b]ased upon the record as further established during discovery, Plaintiff seeks leave to file an Amended Complaint that asserts causes of action under federal law, namely under 42 U.S.C. Section 1983 for Defendants['] activation of State process by the conduct of its flight attendants, and related

---

[5] Although plaintiff adds a separate count alleging false imprisonment, PAC ¶¶ 146-149, this is not actually a new claim. See Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 316 n.6 (E.D.N.Y. 2013), aff'd, 578 F. App'x 51 (2d Cir. 2014) ("False arrest and false imprisonment are essentially the same tort under New York law and will be considered as a single claim."); see also McKay v. City of New York, 32 F. Supp. 3d 499, 505 (S.D.N.Y. 2014) ("In New York, false arrest and false imprisonment 'are two names for the same tort.'") (citations omitted).

causes of action under State law that Plaintiff contends are not preempted, and to the extent time barred equitable [sic] tolled." ECF No. 63 at 2. Further, plaintiff argues that the PAC also "clarifies the scope and extent of Plaintiffs [sic] personal injuries and the unusual, unexpected and unknown medical event or emergency that set in motion the adverse events that followed." ECF No. 63 at 3. Defendants argue that allowing plaintiff to amend would be futile and unduly prejudicial to defendants. ECF Nos. 58, 64. Further, defendants argue that no new facts justify the Court revisiting its earlier rulings and disturbing the law of the case in this action. See ECF No. 64 at 2.

Based on the Court's careful review of the Proposed Amended Complaint, ECF No. 63-1, the record in this action, and the parties' submissions regarding plaintiff's request, ECF Nos. 56, 58, 63, 64, I respectfully recommend that the Court should deny plaintiff's pre-motion conference request as unnecessary. Moreover, the Court should deny plaintiff's request for leave to amend for the following reasons.

**STANDARD**

"Where...a scheduling order governs amendments to the complaint, and a plaintiff wishes to amend after the scheduling deadline has passed, the plaintiff must satisfy both [Federal Rules of Civil Procedure] 15 and 16 to be permitted to amend." Pasternack v. Shrader, 863 F.3d 162, 174 n.10 (2d Cir. 2017) (citations and internal quotation marks omitted). See also Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a)…must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.") (internal quotation marks omitted). Here, after plaintiff had retained counsel, the Court set a deadline of June 26, 2018, for filing any request to amend the pleadings. 6/12/2018 Electronic

Order. As the Court's scheduling order governs amendments to the complaint and the June 26, 2018, deadline passed long ago, plaintiff must satisfy both Rule 15 and Rule 16.

Under Rule 16, a plaintiff must show good cause to modify the amendment deadline. BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC, 859 F.3d 188, 195 (2d Cir. 2017). A good cause finding "depends on the diligence of the moving party." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)). While "the primary consideration is whether the moving party can demonstrate diligence," the district court may also "consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner, 496 F.3d at 244. Rule 16 "is designed to offer a measure of certainty in pretrial proceedings" and to "assur[e] that at some point both the parties and the pleadings will be fixed…" Kassner, 496 F.3d at 243 (quoting Parker, 204 F.3d at 339–40 and Rule 16 advisory committee notes). "[A] district court has broad discretion to decide whether to grant leave to amend," Emengo v. Stark, No. 18-1942, 2019 WL 2206250, at *2 (2d Cir. May 22, 2019) (summary order) (quoting In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005), superseded on other grounds), including "discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side," Kassner, 496 F.3d at 244.

Under Rule 15(a)(2), the Court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Applying Rule 15, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. A litigant may be prejudiced within the meaning of the rule if the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and

6

prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Pasternack, 863 F.3d at 174 (internal quotations marks and citations omitted). Leave to amend may also be denied based on the futility of the proposed amendment. Chunn v. Amtrak, 916 F.3d 204, 208 (2d Cir. 2019) (citation omitted).

## DISCUSSION

I. Plaintiff has not shown good cause to modify the amendment deadline.

Plaintiff has not established good cause to modify the deadline to amend because he has not shown the requisite diligence and granting plaintiff leave to file the PAC would unduly prejudice defendants.

**A. Plaintiff failed to demonstrate diligence.**

Judge Brodie dismissed plaintiff's claims for assault and battery, intentional infliction of emotional distress ("IIED"), and false arrest because they are preempted by the Montreal/Warsaw Conventions and, even if they were not preempted, because they are also time-barred. 4/27/2018 Electronic Order. Plaintiff argues that his state law claims in the PAC "are not preempted, and to the extent time barred equitable [sic] tolled." ECF No. 63 at 2. The PAC alleges that plaintiff's criminal case "ended in or about May 10, 2017 upon the return of Passports that had been surrendered at the outset of the criminal prosecution," and that this period of time tolled the statute of limitations to the extent "any of the claims are time-barred based on the duration of time and not the overlapping criminal prosecution Plaintiff contends were brought about by false or misleading means." PAC ¶¶ 104-05.

"A party has not acted diligently where the proposed amendment to the pleading is based on information 'that the party knew, or should have known,' in advance of the deadline sought to

7

be extended." Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (citations omitted). See also Parker, 204 F.3d at 341 ("refusing to find good cause where 'the information supporting the proposed amendment to the complaint was available to [the moving party] even before she filed suit'") (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)). Here, the allegations that purportedly support plaintiff's equitable tolling argument were available to plaintiff before he filed suit and were clearly available to plaintiff's counsel before the amendment deadline.[6]  Accordingly, plaintiff does not demonstrate diligence by making an equitable tolling argument in 2019 based on factual allegations that plaintiff and his counsel knew or should have known in 2018.

Judge Brodie dismissed plaintiff's § 1983 claim as preempted by the Montreal/Warsaw Conventions.  4/27/2018 Electronic Order.  Plaintiff argues that the § 1983 claim, "for Defendants['] activation of State process by the conduct of its flight attendants," is not preempted.  ECF No. 63 at 2.  Plaintiff's proposed claim is premised on the theory that defendant Flanagan's false written statements and testimony to law enforcement regarding the March 22, 2016, incident caused plaintiff's arrest and prosecution.  See PAC ¶¶ 106-120.  Defendant Flanagan's answer to plaintiff's original complaint "[a]dmits that the Cabin Crew and Flight Crew took appropriate steps to notify law enforcement authorities in Orlando, Florida of the disturbance cause[d] by Plaintiff aboard the Flight[.]" Flanagan Answer ¶ 53, ECF No. 27. Plaintiff therefore knew or should have known about defendant Flanagan's written and oral statements to law enforcement early on in the litigation, for example, through written discovery. Yet, plaintiff offers no explanation for why he waited until long after taking defendant Flanagan's deposition in January 2019 to seek leave to amend.  Cf. Gullo v. City of New York,

---

[6] In addition to speaking with his client, plaintiff's counsel easily could have reviewed the public docket report for plaintiff's criminal case on PACER, which reflects the dates the passports were returned. See Dkt. No. 6:16-cr-00067, ECF Nos. 80-81 ("Entered: 05/10/2017").

540 F. App'x 45, 47 (2d Cir. 2013) (summary order) (distinguishing cases where settlement negotiations or inability to contact client deferred plaintiff's ability to discover facts supporting an amendment). See also Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013) (summary order) (noting that, despite having notice of the relevant facts upon taking depositions, plaintiff "inexplicably failed to file his motion to amend for another two months."); Ahmed v. Astoria Bank, No. 14-CV-4595, 2015 WL 4394072, at *3 (E.D.N.Y. July 16, 2015) ("[G]ood cause and diligence under Rule 16 do not turn on when a plaintiff first becomes *motivated* to amend and/or add a party, but rather when that plaintiff learns of facts that form the basis for her new claims.") (emphasis in original). In sum, plaintiff simply fails to demonstrate diligence in pursuing a § 1983 claim.

Judge Brodie dismissed plaintiff's negligent training claim pursuant to Lopez v. Jet Blue Airways, 662 F.3d 593, 599 (2d Cir. 2011). 4/27/2018 Electronic Order. When pleading the negligent training claim in the PAC, plaintiff cites to the same regulation cited in plaintiff's original complaint. Compare PAC ¶¶ 125-26 (citing 14 C.F.R. §§ 382.141(a)(1), 382.141(a)(2)) with Compl. ¶¶ 67-73 (citing 14 C.F.R. § 382.141(a)). The purpose of Part 382 of the regulation is to carry out the Air Carrier Access Act of 1986, as amended ("ACAA"). 14 C.F.R. § 382.1. In Lopez v. Jet Blue Airways, the Circuit held that the ACAA does not provide a private right of action to enforce the ACAA and its implementing regulations in federal district courts. See 662 F.3d 593 (2d Cir. 2011). Accordingly, Judge Brodie originally dismissed plaintiff's negligent training claim pursuant to Lopez, explaining that "there are no private causes of action under the Air Carrier Access Act of 1986." 4/27/2018 Electronic Order. This is an issue of law, not of fact, which plaintiff does not address at all. See ECF Nos. 63, 56. To the extent that plaintiff

contends that Judge Brodie's prior decision was based on an error of law, this should have been raised long ago.[7]

### B. Amendment would prejudice defendants.

Defendants assert that Judge Brodie's April 2018 order dismissing all but one of plaintiff's causes of action "set the course of discovery" in this case, and that defendants tailored their discovery requests to the issue of whether plaintiff can meet the definition of an accident within the meaning of the Montreal/Warsaw Conventions. ECF No. 58. at ¶¶ 6-7. Courts have denied leave to amend under Rule 16 where amendment would substantially change the legal theories at issue and require re-opening fact discovery. See, e.g., Presbyterian Church Of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 266-67 (2d Cir. 2009) (affirming denial where motion to amend filed on eve of summary judgment after discovery had concluded and proposed complaint "dramatically alter[ed] the plaintiffs' theories of liability and the focus of the entire case"); Werking, 526 F. App'x at 96 (finding prejudice where changes to the pleading "would have required substantial additional discovery after the parties had *just* completed the discovery process.") (emphasis in original). Here, just re-introducing the § 1983 claim would significantly change the theory of the case and require re-opening of fact discovery.

In addition, discovery would be further complicated by special security measures that apply to this action and which would significantly delay the resolution of the dispute.[8] Since at

---

[7] Defendants correctly note that plaintiff's counsel filed a Notice of Appearance, ECF No. 18, three days after Judge Brodie issued her decision dismissing plaintiff's claims, yet plaintiff did not seek reconsideration of the decision under Local Civil Rule 6.3. ECF No. 64 at ¶ 2.

[8] Defendants argue that plaintiff will be unable to prove a negligent training claim because plaintiff's counsel "has not, and cannot, obtain the training records" needed to support a negligent training claim because the flight attendants' training on handling in-flight threats is "off-limits" as sensitive security information ("SSI") and plaintiff's counsel has "stalwartly declined" to undertake the TSA background check that would be necessary to access the sensitive training materials. ECF No. 64 at ¶ 11. Regardless of whether plaintiff could ultimately prove the claim, it is sufficient that discovery involving JetBlue's training materials would involve SSI vetting or background checks that would delay processing of discovery requests. Furthermore, fact discovery regarding plaintiff's proposed § 1983 claim would also

10

least June 26, 2018, plaintiff has been on notice that the allegations in this case implicate Sensitive Security Information ("SSI") that is regulated by the Transportation Security Administration (TSA).  See ECF No. 29 (citing 49 U.S.C. § 114(r)(1)(C) and 49 C.F.R. § 15.5). In July 2018, defendants' counsel put plaintiff's counsel in touch with a TSA liaison so that plaintiff's counsel could obtain clearance to review SSI.  ECF No. 39-4.  Yet, plaintiff's counsel elected not to proceed through the security clearance process and indicated plaintiff would "only seek security clearance to the extent there are redacted sections of JetBlue's production that require disclosure…"  ECF No. 39-6.  Defendants objected that "Plaintiff's counsel's lack of this authorization is prejudicial to the advancement of this litigation."  See ECF No. 38-1 at 3-5. Indeed, the parties had several disputes regarding discovery involving SSI procedures in this action, which delayed the progress of discovery.  See, e.g., ECF Nos. 35-39.  Thus, re-introducing a § 1983 and negligent training claim would significantly delay the resolution of this case, not only because fact discovery would need to be re-opened, but because that discovery would be prolonged by TSA vetting procedures—especially since plaintiff's counsel elected to take a wait-and-see approach to SSI clearance.

### C. Furthermore, denying leave to amend would not prejudice plaintiff.

Because plaintiff's PAC does not allege new valid claims, as discussed *infra*, and merely provides additional context and detail surrounding his existing Montreal/Warsaw Conventions claim, plaintiff will not be prejudiced if leave to amend is denied, as he will be able to present this context and detail as part of the anticipated summary judgment briefing.  See Schmidt v. Stone, No. 14-CV-2519, 2018 WL 4522082, at *12 (E.D.N.Y. Jan. 29, 2018) ("To allow

---

involve JetBlue investigative and security information, which would likewise delay discovery because of SSI protections.  See ECF No. 53 (discussing various deposition-related disputes and noting that production of documents would trigger SSI procedures).

11

amendment simply to amplify facts alleged in the First Amended Complaint…is unnecessary and needlessly would require the defendant to expend time and resources drafting an answer.").

In conclusion, plaintiff has not established good cause to modify the amendment deadline under Rule 16.

II. Alternatively, granting leave to amend would be futile.

In the event that the District Court determines that plaintiff has demonstrated good cause to modify the amendment deadline and defendants would not be unduly prejudiced, I recommend that plaintiff's request for leave to amend should be denied under Rule 15 as the proposed amendment would be futile.

"Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 224–25 (2d Cir. 2017) (citation omitted). When deciding whether an amended complaint would state a claim under Rule 12(b)(6), the Court "accept[s] as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the plaintiff's favor." Id. Here, plaintiff's PAC fails to cure the deficiencies in the original complaint.

First, even if plaintiff's § 1983 claim is not preempted by the Montreal/Warsaw Conventions, plaintiff fails to state a claim under § 1983 because plaintiff's allegations do not satisfy the under-color-of-state-law element. See Lienau v. Garcia, No. 12-CV-6572, 2013 WL 6697834, at *5-8 (S.D.N.Y. Dec. 19, 2013) ("Case law in this Circuit is well-established that the provision of information to a police officer—even if that information is false or results in the officer taking affirmative action—is insufficient to constitute 'joint action' with state actors for purposes of § 1983.") (collecting cases); see also Rice v. City of New York, 275 F. Supp. 3d 395,

12

403–04 (E.D.N.Y. 2017). Here, all the defendants are private actors, but plaintiff alleges joint action with state actors. PAC ¶¶ 6-11, 107. In support of a joint-action theory, plaintiff alleges that defendant Flanagan knowingly provided false written and oral statements to state and federal law enforcement, that Flanagan knew or had reason to know that this false information would result in plaintiff's arrest, prosecution, or deprivation of his federally protected rights, and that the false information provided by Flanagan indeed led to plaintiff's indictment under 49 U.S.C.§ 46504. PAC ¶¶ 108-120.[9] More importantly, plaintiff does not allege any common goal, meeting of the minds, plan, or concerted action with law enforcement. Plaintiff also does not allege that defendants unduly influenced law enforcement with intent to violate plaintiff's federal rights or that defendants affirmatively procured plaintiff's arrest. Cf. Anilao v. Spota, 774 F. Supp. 2d 457, 500, 511 (E.D.N.Y. 2011) (denying motion to dismiss where complaint alleged that defendants arranged meeting for the purpose of pressuring a district attorney to file an indictment that he would not have filed but for their influence). In sum, plaintiff's PAC fails to state a claim against defendants under 42 U.S.C. § 1983. See generally Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (explaining that § 1983's under-color-of-state-law element does not reach "merely private conduct, no matter how discriminatory or wrongful.") (citation omitted).

Second, as previously stated, plaintiff does not cure the deficiency in his negligent training claim since he again cites regulations under the same statute, the ACAA, which does not afford plaintiff a private right of action. See PAC ¶¶ 1, 125-134.

---

[9] To the extent plaintiff bases his § 1983 claim on any grand jury testimony given by defendant Flanagan, Flanagan is entitled to absolute immunity. See Rehberg v. Paulk, 566 U.S. 356 (2012) (holding that witnesses in a grand jury proceeding, including complaining witnesses, are entitled to absolute immunity from liability under § 1983 for their grand jury testimony).

Third, plaintiff's IIED, false arrest, and battery claims remain time-barred. Plaintiff is not entitled to equitable tolling as he does not allege fraud, misrepresentation, or deception, or some other extraordinary circumstance, that prevented him from timely filing his action, nor does he allege that he diligently pursued his rights during the period he seeks to toll. See Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007). Moreover, by adding a separate count alleging common-law false imprisonment, plaintiff does not achieve a different result. Under New York's rules, false imprisonment is subject to a one-year statute of limitations. Fahlund v. Nassau Cty., 265 F. Supp. 3d 247, 255-56 (E.D.N.Y. 2017) (citing N.Y. C.P.L.R. § 215). Construing plaintiff's PAC liberally, his claim accrued when he was released from custody in February 2017. See PAC ¶¶146-155; see also Compl. ¶ 60, Dkt. No. 6:16-cr-00067. However, plaintiff did not file suit until March 13, 2018, and therefore his claim is time-barred.

In sum, granting plaintiff's request for leave to amend his complaint would be futile.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should deny plaintiff's request for a pre-motion conference and should deny plaintiff's request for leave to amend his complaint.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report

generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                      /S/
                                               LOIS BLOOM

Dated: August 15, 2019                       United States Magistrate Judge
       Brooklyn, New York