UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

MOSCHE BERLIN,                                              **ORDER**

            Plaintiff,                        18-cv-1545 (EK) (LB)

      v.

JETBLUE AIRWAYS et al,

            Defendants.

------------------------------------------x
ERIC KOMITEE, United States District Judge:

      The Court has received Defendants' request for leave

to file under seal certain attachments to Defendants' motion for

summary judgment, including Defendants' Rule 56.1 Statement and

the Affidavit of Frederick Alimonti, together with accompanying

Exhibits.  The Exhibits include records relating to JetBlue's

security practices (Ex. A-D); excerpts from Plaintiff's

deposition that include references to his medical condition and

medications (Ex. E); Plaintiff's medical records (Ex. F-H, J-O);

and previously-sealed criminal records (Ex. I).  For the reasons

set forth below, Defendants' request is granted in part and

denied in part.

      Documents submitted in connection with a motion for

summary judgment are considered "judicial documents" to which

there is a presumption of public access under the common law and

the First Amendment.  *See Lugosch v. Pyramid Co. of Onondaga*,

435 F.3d 110, 121 (2d Cir. 2006).  Such documents may, however,

be sealed when there are countervailing factors such as privacy

interests at stake, and where "specific, on the record findings

are made demonstrating that closure is essential to preserve

higher values and is narrowly tailored to serve that

interest."  *Id.* at 120.  Here, the Court finds that sealing is

appropriate as to certain Exhibits to protect the privacy

interests at stake, but that sealing other documents in their

entirety, including the Rule 56.1 Statement, the Alimonti

Affidavit and the deposition excerpts at Exhibit E, would not be

narrowly tailored to serve these interests.

     First, Defendants request to seal Exhibits A through

D, which contain records relating to JetBlue's in-flight

security practices.  These Exhibits include incident reports

that appear to reveal aspects of JetBlue's internal incident

response and reporting processes, and a redacted security

training presentation that appears to provide an overview of how

flight crew members are trained to respond to certain security

threats.  Although the training document at Exhibit D was

already redacted by the Transportation Security Administration

for sensitive security information, *see* Ex. 1 ¶ 4, the Court

finds it appropriate for all four of these records to be filed

under seal to avoid disclosure of other information relating to

2

the airline's security practices.  *See, e.g.*, *Ospina v. Trans World Airlines, Inc.*, 975 F.2d 35, 36 (2d Cir. 1992) (explaining that trial was closed to the public at such times that "sensitive, anti-terrorist airline security information" was to be discussed and relevant trial exhibits were filed under seal).

Next, Defendants request to seal Exhibits F through H and J through O because they contain Plaintiff's medical records.  These Exhibits appear to consist entirely of medical records and other confidential information regarding Plaintiff's health.  Plaintiff's privacy interest in these records supports granting the motion to seal.  "Courts have specifically recognized that 'there is a recognized privacy interest in medical records,' albeit one that is neither 'fundamental nor absolute.'"  *United States v. Vinas*, No. 08-CR-823 (NGG), 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017).

Defendants also request to seal Exhibit I, which contains previously-sealed criminal records from the Criminal Court of the City of New York, King's County.  The first page of these records indicates that they are sealed pursuant to Section 160.50 of the New York Laws of Criminal Procedure.[1]  The Court finds it appropriate to file these records under seal because

---

[1] This section of the New York Laws of Criminal Procedure provides that, upon the termination of criminal action or proceeding in favor of a defendant, "the record of such action or proceeding shall be sealed . . . ."  N.Y.C.P.L. § 160.50(1).

3

this designation indicates that they are confidential records under New York state law.

On the other hand, Defendants have requested to seal the Alimonti Affidavit in its entirety, even though Defendants concede that it "does little more than authenticate and list its Exhibits/attachments."  Dkt. No. 84 at 1.  They also request to seal excerpts of Plaintiff's deposition transcript attached at Exhibit E because of "references to [Plaintiff's] medical condition and medications", *id.*, even though the deposition transcript covers other topics.  Finally, they request to seal their Rule 56.1 Statement because "it is replete with references to Plaintiff's medical history and condition" and "also refers to a sealed criminal record and JetBlue's inflight threat-handling procedures."  *Id.* at 2.  Although the Court agrees that some of this content is sensitive and confidential information, as described in the preceding paragraphs, the Court finds that the privacy interests in the Alimonti Affidavit, Exhibit E and the Rule 56.1 Statement may be met without sealing these documents in their entirety.  Defendants are therefore directed to file a renewed motion to seal proposing specific redactions to these documents that are narrowly tailored to the legitimate privacy interests at stake.

4

Accordingly, Defendants' motion to file Exhibits A
through D and F through O under seal is hereby GRANTED.
Defendants' motion to file the Alimonti Affidavit, Exhibit E and
the Rule 56.1 Statement under seal is DENIED, with leave to file
a renewed motion containing proposed redactions by July 17,
2020.

SO ORDERED.


                                    /s/ Eric R. Komitee
                                    ERIC R. KOMITEE
                                    United States District Judge


Dated: Brooklyn, New York
       July 9, 2020