```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x

 MOSHE BERLIN,

          Plaintiff,                              ORDER
                                              18-cv-1545(EK)(LB)
     -against-

 JETBLUE AIRWAYS, et al.,

          Defendants.
---------------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Plaintiff's letter regarding the sealing of certain exhibits to his opposition to Defendants' motion for summary judgment. *See* ECF No. 98. In the letter, Plaintiff "seeks guidance" from the Court as to whether sealing the exhibits is necessary pursuant to a confidentiality agreement between the parties. *Id.* The Court construes this letter as a motion to file the exhibits under seal and directs Plaintiff to provide additional information, as set forth below.

**I. Background**

Plaintiff filed his opposition papers in response to Defendants' motion for summary judgment on September 14, 2020. *See* ECF No. 97. Based on the Declaration of Chauncey D. Henry attached to Plaintiff's opposition papers, the exhibits that are the subject of this sealing motion appear to relate to JetBlue's

security practices and other airline policies and procedures (Ex. A-H, J, K, O, P, and Q), as well as to JetBlue's response to the incident at issue in this case (Ex. AG, AH, AI, AK, AL, AQ, and AR).[1]  *See* ECF No. 97-3 ¶¶ 1-8, 10-11, 15-17, 33-35, 37-38, 43-44.  Plaintiff has not submitted the records for the Court's review or explained the basis for sealing them. Instead, Plaintiff states that Defendants requested these exhibits be sealed pursuant to the parties' confidentiality agreement.[2]  *Id.*

## II. Discussion

Documents submitted in connection with a motion for summary judgment are considered "judicial documents" to which there is a presumption of public access under the common law and the First Amendment.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).  The weight of this presumption is governed by "the role of the material at issue in the exercise of Article III judicial power and the resultant

---

[1] This Court previously granted Defendants' motion to file certain documents relating to JetBlue's in-flight security practices under seal, based on the Court's review of the documents and Defendants' letter in support of sealing.  *See* Order dated July 9, 2020, ECF No. 88.

[2] The confidentiality agreement provides that any "confidential material" within the scope of the agreement, "that is desired to be included in any papers filed with the Court, . . . shall be . . . filed under seal in accordance with the Local Rules for the Eastern District of New York and/or the relevant Judge's individual rules of practice."  ECF No. 98-1 ¶ 6.  Magistrate Judge Bloom endorsed the confidentiality agreement between the parties by order dated July 9, 2018.  *See* Protective Order, ECF No. 31.

value of such information to those monitoring the federal courts." *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir.1995). Such documents may be sealed when there are countervailing factors such as privacy interests at stake, and where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

It is not enough for parties to assert that a confidentiality agreement or protective order governing discovery allows for documents or information to be filed under seal. "Although it is true that a protective order may provide guidance to the parties regarding what documents it might be appropriate to seal and how such documents should be presented to the Court, the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence." *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147, 2019 WL 3753780, at *2 (E.D.N.Y. Aug. 8, 2019) (quoting *Johnson v. Federal Bureau of Prisons*, No. 16-cv-3919, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017)). A party seeking to file a document under seal must explain to the Court why sealing is necessary to serve a countervailing interest that

overcomes the presumption of judicial access, and why it is appropriate to seal the document in its entirety as opposed to publicly filing a redacted version.

### III. Conclusion

Accordingly, Plaintiff is directed to amend his motion to seal by explaining the basis for sealing exhibits A-H, J, K, O, P, Q, AG, AH, AI, AK, AL, AQ, and AR, as set forth above, and attaching copies of each exhibit for the Court's review. Plaintiff shall file this amended submission under seal by January 15, 2021.  Defendants may join in Plaintiff's submission, or alternatively, Defendants shall file a response, if any, by January 20, 2021.

SO ORDERED.

  /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: Brooklyn, New York
      December 29, 2020